## Martha Humphrey, widow, *against* Phinney.

Where land is alienated by the husband, the wife, after his death, is entitled to dower, only according to the value of the land at the time of the alienation. A plea of *tout temps prist,* &c. is a proper plea in an action of dower; and where the demandant demurred to such a plea, it was held that instead of demurring, she ought to have prayed judgment according to the *tender,* and the value might be afterwards ascertained by the sheriff,

THIS was an action of *dower,* for one-third of a messuage, and one hundred acres of land, in *Pittstown,* in *Rensselaer* county. The defendant *pleaded:* 1. *Neunques accouple,* &c. 2. That the husband was still living, &c. with a verification. 3. That *David Humphreys,* the husband of the demandant, conveyed the premises for a valuable consideration, to one *Caleb Edmunds:* that great and valuable improvements have since been made on the premises, to the value of 5,000 dollars, by *Edmunds* and the defendant in the life time of the husband; and that since his death, the defendant has been, and still is ready, to set off one-third of the premises in value, as at the time of the conveyance thereof by the husband, and concludes with a verification.

The demandant *replied,* to the first plea, that she was married on the 1st *January,* 1785, at *Pittstown,* and concluded to the country; to the *second* plea, that her husband died on the 1st *January,* 1804, at *Pittstown,* &c. and concluded to the country; to the *third* plea there was a general *demurrer* and *joinder.*

The cause was submitted to the court without argument.

Kent, Ch. J. delivered the opinion of the court. The demurrer to the third plea admits, that the tenant was, and still is, ready to assign, and set off one third of the premises, in value as they were, at the time of the seisin of the husband. The principle assumed by the plea is correct, for the widow is not entitled to dower, according to the improved value of the land, in case of alienation by the husband. She must take her dower according to the value at the time of the alienation. This is the rule prescribed in such cases, by the act; (the 29th sess. ch. 168.)* and the statute did not, in this respect, introduce a new rule, for such was the law, as understood and declared in the most ancient decisions of which we have any report. 17 *Hen.* III. *Dower*, 195. 31 *Ed.* I. *Voucher*, 288. *Perkins*, tit. *Dower*, sec. 328.) Sir *Matthew Hale* assigns this reason for the rule, in one of his manuscripts, cited by Mr. *Hargrave*, (*note* 163. to *lib.* 1. *Co. Litt.*) that the heir is not bound to warrant, except according to the value of the land as it was at the time of the feoffment; and so the wife, if she were to recover according to the improved value, would recover more against the feoffee than he would recover in value, which would not be reasonable. The rule is different where the husband died seised, and the heir improves the land, for the same objection does not apply. It is the heir's own delay and folly to improve the land before he has assigned dower. (*Co. Lit.* 32. *a.*) We are also of opinion, that the fact of *tout temps prist* is well pleaded. Such a plea is according to precedents in cases where the tenant wishes to preclude the demandant from her claim to damages. (*Co. Litt.* 32. *b. Rast. Ent.* 236. *b.* 237. *a.*) She would not be entitled to any in the present case, as the husband did not die seised; but the plea is proper, in order that the demandant may be obliged to take her judgment specially, according to the tender. The general judgment that she recover seisin of a third part of the premises accord-

[* 486]

ing to the count, might, perhaps, preclude the tenant from the benefit of the valuation for which he contends. Instead of demurring [*]she ought to have prayed for judgment according to the tender. The value, independent of the improvements, must be ascertained afterwards, either by the sheriff, on the writ of seisin, or by a writ of inquiry, founded on her suggestion. The latter is the mode of proceeding where the jury under the statute of *Merton*, omit to find the annual value of the land. (1 *Leon.* 92. 2 *Saunders*, 45. *b.* and the *note*.) But without giving any opinion as to the course of the subsequent proceeding, or without anticipating the difficulties that might arise in carrying the principle recognised in our statute, and in the old authorities, into effect, it is sufficient to observe, that the general demurrer is not well taken, but that the demandant may have leave to withdraw it, on payment of the costs, resulting from it, and may take judgment according to the tender in the plea.

Judgment for the demandant, for the value of the premises, according to the third plea.

[The same decision was given in the cause of *Humphrey*, widow, against *Putnam*, in which the pleadings were the same.]