MONTGOMERY SPECIAL TERM, June, 1848.    *Paige,* Justice.

### LEONARD and wife *vs.* STEELE.

A devisee is not put to his election where the testator has some present interest in the estate disposed of by him, although it is not entirely his own. In such a case, unless an intention is clearly manifested, in the will, to dispose of the whole estate, including the interest of third persons, the testator will be presumed to have intended to dispose only of that which he might lawfully dispose of, and no more.

Accordingly, where a testator owned the entire estate in premises, subject to a right of dower therein, and devised a part of such estate to the person having such right of dower, and the residue to the defendant, but without declaring his intention, in his will, to dispose of the whole estate, including the right of dower, or that the doweress should relinquish either such dower or her devise under the will, and no such intention was deducible by clear and manifest implication from the provisions of the will ; *Held,* that the presumption was that the testator intended only to devise to the defendant his own estate in the premises, subject to the right of dower therein.

The right to dower being in itself a clear legal right, an intent by a testator to exclude it, or that it should be relinquished, must be demonstrated by express words, or by manifest implication. In order to exclude it, the will itself should contain a provision inconsistent with the assertion of such legal right.

The doctrine of election is the same when applied to a widow claiming a devise under the will of her husband, as it is when applied to any other devisee in the will.

IN EQUITY. The bill in this suit was filed for the admeasurement of the dower of the plaintiff Susan Leonard, as the widow of Philo Mills, in premises devised to the defendant by Sidney S. Mills, the son of Susan Leonard and Philo Mills, and for damages for the withholding of her dower by the defendant. Philo Mills died intestate. Sidney S. Mills by his will devised a part of the real estate which descended to him from his father, to his mother, and the residue he devised to the defendant.

*John Wells,* for the plaintiffs.

*John W. Cady,* for the defendant.

PAIGE, J.    The doctrine of election originates in inconsistent or alternative donations, where there is a clear intention of the

Leonard v. Steele.

person from whom one or both are derived, that one should be a substitute for the other. In such case the donee is not entitled to both donations, but he has his election which he will take. (*Story's Eq.* § 1075. *Dillon* v. *Parker*, 1 *Swanst.* 393, *note b*.) The doctrine is founded on the intention, expressed or implied, of the donor. The intention of the donor that the donee should not receive both donations, when not declared by express words, must be deducible by clear and manifest implication, from the provisions of the instrument of donation. (1 *Swans.* 400, 401, *note b, and cases cited.* *Story's Eq.* 1076, 1089, 1086.) If a testator devises property in which he has no interest whatever, to a third person, and in the same will devises a portion of his own estate to the owner of the property devised to such third person, the owner, whose property the testator has assumed to dispose of, will be put to his election, and required to relinquish his own property, or the devise under the will. (*Story's Eq.* § 1076. *Dillon* v. *Parker*, 1 *Swans.* 394, *note b*.) But to make a case of election, there must be a clear intention expressed on the part of the testator to give that, which is not his property. If the testator's intention to dispose of property which is not his own, is conjectural merely, the devisee will not be put to his election. (*Story's Eq.* § 1086. *Att'y Gen.* v. *Lonsdale*, 1 *Sim.* 105. 1 *Swans.* 400, 401, *note b, and cases there cited.*) The doctrine of election has been held not to be applicable to cases, where the testator has some present interest in the estate disposed of by him, although it is not entirely his own. In such a case, unless an intention is clearly manifested in the will to dispose of the whole estate, including the interest of third persons, he will be presumed to have intended to dispose only of that, which he might lawfully dispose of, and no more. (*Story's Eq.* § 1089. *Ranclyffe* v. *Parkins*, 6 *Dow. Rep.* 149 *to* 179, 185. *Blake* v. *Bunbury*, 1 *Ves. jun.* 515, 523. *Dillon* v. *Parker*, 1 *Swans.* 400, 401, *note c*.)

In the will of Sidney S. Mills nothing is said about the right of dower of his mother, Mrs. Leonard, (one of the plaintiffs,) in the pine lot and grist mill, &c. devised to the defendant. The testator owned the entire estate in these premises, subject to his

Leonard *v.* Steele.

mother's dower therein. He has not declared his intention in his will to dispose of the whole estate in these premises, including the dower of his mother ; or that she should relinquish either such dower or her devise under the will. Nor is such intention deducible by clear and manifest implication from the provisions of the will. The presumption is, therefore, that the testator intended only to devise to the defendant his own estate in the premises, subject to the dower of his mother. The devise to the defendant is not necessarily inconsistent with Mrs. Leonard's right to dower, as this devise is to be understood as being subject to all legal claims upon the premises, including dower. The right to dower being in itself a clear legal right, an intent to exclude it, or that it should be relinquished, must be demonstrated by express words or by manifest implication. In order to exclude it, the instrument itself should contain a provision inconsistent with the assertion of such legal right. (*Story's Eq.* § 1088, *note* 3. *Birmingham* v. *Kirwan,* 2 *Scho. & Lef.* 452.)

Although this is not a case arising under the will of the husband of Mrs. Leonard, nevertheless the decisions in relation to the widow being put to her election to take either her dower or a provision made in her favor in the will of her husband, are applicable ; as the doctrine of election is the same when applied to a widow claiming a devise under the will of her husband, as it is when applied to any other devisee in the will. The cases of *Adsit* v. *Adsit,* (2 *John. Ch.* 450;) *Church* v. *Bull,* (2 *Denio* 430, *in error;*) *Fuller* v. *Yates,* (8 *Paige,* 325;) *Sanford* v. *Jackson,* (10 *Id.* 266,) and of *Bull* v. *Church,* (5 *Hill,* 206,) were cases in which it was attempted to compel the widow to elect between her dower, and a provision made in her favor in the will of her husband. In these cases it was held that a widow could not be put to her election, unless the testator had declared in express terms, that the devise or bequest to her was in lieu of dower, or unless such intention was deducible by clear and manifest implication from the provisions of the will; that, to deprive her of her dower, her claim of dower must be totally inconsistent with the disposition, made by the will, and the testator's intention in relation to some part of the property devised

Leonard *v.* Steele.

to others must be defeated, if such claim is allowed. In *Bull v. Church,* (5 *Hill,* 207,) Bronson, J. says, " that the mere fact of devising lands to another does not prove that the husband intended to bar dower in those lands. He may have intended that the devisee should take subject to dower. It is not necessary he should say so, because the law says it for him." " If he makes a provision for the widow, either in lands or money, saying nothing about dower, the presumption is, he intended it as a matter of bounty."

Mrs. Leonard is entitled to dower in the premises in question, according to their value at the time of the assignment of dower ; her husband having died seised. (*Hale* v. *James,* 6 *John. Ch.* 259. 4 *Kent's Com.* 65, 2d ed.) But in the admeasurement of her dower, the commissioners must take into view any permanent improvements made by the defendant since the death of Sidney S. Mills ; and, if practicable, they must award such improvements, within that part of the lands not allotted to the widow. If this is not practicable, they must make a deduction from the lands allotted to the widow, proportionate to the benefit she will derive from such part of the improvements as shall be included in the portion assigned to her. (2 *R. S.* 490, § 13. 10 *Wend.* 483.) Previous to the adoption of the revised statutes, the widow whose husband died seised, was entitled to dower according to the improved value at the time of the assignment, including the improvements made on the premises by the heir, or his alienee. (6 *John. Ch.* 259. 4 *Kent's Com.* 65. 2 *John.* 485. 11 *Id.* 510. 13 *Id.* 179.) In this case, the grist mill was finished, and the dwelling house on the mill premises erected with the moneys and personal property belonging to the estate of Philo Mills, one-third of which belonged to Mrs. Leonard absolutely and two-thirds to Sidney S. Mills. Mrs. Leonard is therefore, in equity, entitled to the benefit of this expenditure, in the assignment of her dower. In fact, she contributed more than her just proportion of the expenditure ; as she paid one-third of the whole expense with her personal property (which she owned absolutely) and received in lieu thereof only an estate for life in one-third of the permanent im-

Leonard *v.* Steele.

provements made by herself and son on the premises. Mrs. Leonard is also entitled to one-third of the annual value of the mesne profits of the premises in question since the death of Sidney S. Mills, as damages for the withholding of her dower. But such damages are not to be estimated for the use of any permanent improvements which may have been made on the premises, by the defendant, since the death of Sidney S. Mills. (1 *R. S.* 743, § 19, 20, 21.  4 *John. Ch.* 603.)

The defendant must pay costs to the plaintiffs.  He refused to set off to Mrs. Leonard her dower, and to account to her for one-third of the profits of the premises, when demanded by the plaintiffs; and he has set up a defence to her claim which is overruled.  (1 *Paige*, 192.)

A decree must be entered declaring Mrs. Leonard's right to dower according to the principles of the above decision.  And there must be a reference to a referee, to take and state an account of the mesne profits of the premises since the death of Sidney S. Mills, and to ascertain and report whether the defendant has made any permanent improvements on the premises since the death of said Sidney S. Mills.  And, if the defendant has made any such permanent improvements, the referee must report the value thereof, and how much they increase the annual value of the mesne profits of the premises.  The referee must also ascertain and report, whether the dower of Mrs. Leonard can be assigned to her by metes and bounds.  All further questions and directions are reserved, until the coming in of the report of the referee.