HANNAH TOBIAS *vs.* HENRIETTA KETCHUM and others.

A testator, by his will, gave to his wife certain articles of personal property and one-third of the net income of all his real estate, after payment of all taxes, assessments and interest due thereon, during her natural life. Upon her death the payments were to cease, and the said one-third of the net income was to go and be paid to the heirs of the testator. The provisions were not stated to be in lieu of dower. *Held* that the widow was not put to her election.

THIS is an action for the recovery and admeasurement of dower, and for the recovery of mesne profits. The complaint contains the proper allegations of marriage, seisin, and death of the husband, describes the land, states the mesne profits received by the defendants and their possession, and that dower has not been assigned. The answer controverts no allegation of the complaint; but it sets up as defenses that the husband made a provision for the plaintiff in lieu of dower, by his will, and she accepted the same; and also that she has released her dower. The issue was tried at the New York circuit. The will was put in evidence. It gave the plaintiff, wife of the testator, certain articles of personal property, "and one-third of the net income of all the real estate that to me now belongs, or that to me may at the time of my decease belong, after all taxes, assessments and interests due thereon is paid: to have and to hold the said net third of the income of said real estate during her natural life. The proportion thereof to commence to be paid to her six months after my decease, and to continue to be paid to her every six months thereafter, till her decease, when the same shall cease, and shall then go and be paid to my heirs, as hereinafter stated." A codicil was also put in evidence, by which certain apartments of a dwelling house were appropriated to the personal use of the plaintiff; and a further provision was made for her support during the first six months after the testator's death. Neither the will nor the codicil state, in any form, that the provisions made for the widow are in lieu of dower

Tobias *v.* Ketchum.

The court decided that by the true construction of the will the provisions in favor of the plaintiff were in lieu of dower; and on that ground alone ordered a verdict for the defendants. The plantiff excepted to such decision, and made a case containing her exceptions, and she now applied in the first instance at the general term for a new trial.

*Justus Palmer* and *Chas. Tracy*, for the plaintiff.

*Stillwell & Swain*, for the defendants.

*By the Court*, INGRAHAM, P. J. The will of the testator gives to the plaintiff, his wife, all his furniture and jewelry, and one-third of the net income of all his real estate, after payment of all taxes, assessments and interest due thereon. After the death of the wife it gives the residue of the estate to the children. No disposition is made of the residue of the income during the life of the widow. The codicil made no alteration in the will, but added to it, by giving to the wife certain rooms in one of his houses, for her residence, and providing for the payment to her of some money during the first six months after his decease. The widow now claims dower, in addition to the devise under the will.

The intent to deprive the widow of her dower by a bequest or devise in the will, must be apparent from the will, (*Lewis* v. *Smith*, 5 *Selden*, 502;) and where there is no direct expression of the testator's intent to take away dower, the question is whether the will contains any thing inconsistent with the assertion of a right to dower. The devises in the will must be so repugnant to the claim for dower that they cannot stand together. Such is the language of Denio, J. in the case last referred to. (*See authorities there cited.*)

In *Mills* v. *Mills*, (28 *Barb.* 454,) the same rule was applied; and in that case the court held that in no case is a person to be put to an election, unless it is clear that the provision of the instrument under which he is entitled to a

benefit would be in some degree defeated by the assertion of his other right. In that case the will gave the wife one-third during life, and directed the residue to be divided among his children on his youngest child coming of age; and the court held the widow was entitled to her dower.

In *Dodge* v. *Dodge*, (31 *Barb.* 413,) certain property was given to the wife during life, and an annuity in money was given her, charged upon certain other real estate, and the residue of the estate was disposed of in separate parcels to the children. The court applied the same rule to that case; holding that the intention of the testator to give both is presumed, unless the other provisions of the will are such as to manifest an intention to put her to an election. In that case the court held that the intent to deprive the widow of dower was apparent—was manifested by the disposition of separate parcels of the real estate to the children.

These cases, I think, so fully establish the rule, in this district, to be in conformity with the decision cited from 5 *Selden*, that I deem it unnecessary to refer to any other cases.

The will in this case is not so clear, as to any intention of the testator, as either of the other cases; for while in those cases the residue of the estate was disposed of immediately, in the present case no disposition is made of the balance of the income after the third is given to the wife. The distribution to the children is not until after the death of the wife, and if the widow is not entitled to dower, two-thirds of the income is to remain undisposed of until her death.

The court upon the trial erred in holding that the devise in the will was in lieu of dower; and a new trial must be ordered; costs to abide the event.

[NEW YORK GENERAL TERM, February 3, 1862. *Ingraham, Leonard* and *Clerke*, Justices.]