### SALTER v. DROWNE et al.

(Supreme Court, Appellate Division, First Department.　December 30, 1910.)

1. WILLS (§ 439*)—RULES OF CONSTRUCTION—INTENTION OF TESTATOR.

General rules for the construction of wills do not override an intention of the testator otherwise plainly manifested.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 952–957; Dec. Dig. § 439.*]

2. WILLS (§ 614*)—CONSTRUCTION—NATURE OF ESTATE CREATED.

Testatrix by the fifth clause of her will bequeathed to her executors a sum of money to be invested and the interest paid to testatrix's sister for life, and, on her death, such interest and income to be paid to testatrix's daughter for the support of such daughter, and the support and education of a child of such daughter, and, on the death of the daughter, the principal of the fund to be divided between the issue of the daughter, and, if no issue, then to testatrix's next of kin.　The sixth clause devised the homestead to the executors, the rent thereof to be paid to the daughter during her life, and, at her death, the homestead to be conveyed by the executors to the child of such daughter, or the issue of such child, and, in the event of the failure of issue of such child, then to testatrix's heirs at law.　The seventh clause bequeathed the residue of the estate to the executors in trust to divide into two equal parts to be invested, and the interest and income of one of such parts paid to the daughter during her life for her own support and the support and education of her child, and on the death of such daughter to pay the principal to her issue, and, if she leave no issue, to testatrix's next of kin.　Held, that testatrix's daughter took no more than a life estate under either provision of the will, and the fact that she survived the sister of testatrix and her own child did not enlarge her estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1393–1416; Dec. Dig. § 614.*]

3. WILLS (§ 634*)—CONSTRUCTION—VESTED OR CONTINGENT ESTATE.

The remainder to testatrix's heirs or next of kin did not vest until the death of the daughter, and, though the daughter was the sole heir of testatrix, she acquired nothing under the will in that capacity.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

4. WILLS (§ 441*)—CONSTRUCTION—SITUATION OF TESTATOR.

While a will speaks of the death of testator, its construction will be determined by the situation of testator at the time of the making of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 958; Dec. Dig. § 441.*]

5. WILLS (§ 410*)—ACTION TO CONSTRUE—COSTS.

Where the trial court has allowed excessive attorney fees in a suit to construe a will, the court on appeal, though the action of the trial court

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in respect to such allowance is not before it for review, may, in the exercise of its discretion, refuse costs to either party.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 888; Dec. Dig. § 410.*]

Appeal from Special Term, New York County.

Action by Georgiana H. Salter against Henry R. Drowne, as trustee of the estate of Margaret Ann Harrison, and others, for the construction of a will. Judgment for defendants (68 Misc. Rep. 240, 123 N. Y. Supp. 521), and plaintiff appeals. Affirmed.

Appeal by the plaintiff from a judgment construing the fifth, sixth, and first half of the seventh clauses of the will of Margaret Ann Harrison, deceased. The testatrix died in April, 1895. She made her will February 12, 1879. The following are the clauses in question:

"Fifth: I give and bequeath to my executors the further sum of Five thousand dollars, upon trust, to invest and keep the same invested and collect and receive the interest and income thereof and pay the same to said Oakley Clark to be by him paid to my sister, so long as she shall live; and on the death of my sister that my said executors pay such interest to my daughter Georgiana to be by her applied to the support of herself and the support and education of her daughter, May Florence; and if my daughter be not living or on her death then to pay and divide such principal sum or the investment thereof to the issue of my daughter absolutely and if none then to my next of kin.

"Sixth: I give and devise my house and lot of land number 125 Fourth Avenue, between 12th and 13th streets in the city of New York, to my executors, in trust that they rent the same from year to year or for a term not exceeding twenty one years, for such rent as they may consider proper and collect the rents of said house and lot and after paying taxes, insurance and all other charges to pay the net rents to my daughter Georgianna so long as she shall live, to be by her applied to the support of herself and the support and education of her daughter May Florence; and if my daughter be not living, or on her death, to convey such house and lot in fee to said May Florence Salter should she then be of the age of twenty-one years, and if she be not then of such age, that my executors hold such house and lot in trust until said May Florence attains such age and then to convey such house and lot in fee to said May Florence Salter; and if said May Florence Salter be not then living, then to convey such house and lot in fee to her issue, and if none, then to my heirs at law. * * *

"Seventh: I give, devise and bequeath all the rest, residue and remainder of my estate and property, real as well as personal, of which I shall die seized, possessed or entitled, to my executors, in trust that they divide the same into two equal parts or shares and keep one of such parts or shares invested during the life of my daughter Georgiana and pay the interest and income thereof to her, quarterly, so long as she shall live to be by her applied to the support of herself and the support and education of her daughter May: And if my daughter should not be living or on her death to pay such principal sum or the investments thereof to the issue of my daughter and if my daughter shall leave no issue then to my next of kin."

May Florence Salter died without issue July 13, 1886. The plaintiff is the sole heir and next of kin of the testatrix, and, when the testatrix died, was 45 years of age. She is now a widow and has no children. Mrs. Seaman, the sister of the testatrix, died August 28, 1896.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

William H. Hamilton, for appellant.

Charles H. Beckett, Edward L. Frost, and William H. Robbins, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MILLER, J. The plaintiff, claiming to have a beneficial life estate in the income of the three trusts, and to be entitled to the remainder in the whole of the principal held in trust, has released to herself her right as beneficiary, and now claims that the trust estate has become merged in the remainder pursuant to chapter 452 of the Laws of 1893. It is unnecessary to consider the effect of the release, for we are of the opinion that the intention of the testatrix to suspend the vesting of the remainders until the death of the life beneficiary is unmistakable.

It is to be observed that there was no immediate gift of the remainder in either case, but only a direction to the trustees to pay and divide in the future with respect to the trusts of the personal property, and to convey in the future with respect to the trust of the real estate. Of course, rules of construction will not override an intention otherwise plainly manifested. But there is nothing within the four corners of this will to take this case out of the general rule; on the contrary, there is much to show the intention of the testatrix to postpone the vesting of the remainder independently of said rule of construction. The trust of the $5,000 in the fifth clause was to pay the income to the sister during her life, then to the daughter, this plaintiff, during her life. Upon the death of the daughter, the principal sum was to be divided and paid to the issue of the daughter, or, failing such issue, to the next of kin of the testatrix. When the will was made, the plaintiff's daughter May Florence was living, and even when the testatrix died it could not be said that there was no possibility of the daughter having other issue. The principal of the trust, created by the first half of the seventh clause, was disposed of in the same manner. In all probability the ulterior bequest to the next of kin of the testatrix was considered by her, if at all, only as a remote possibility. She intended to provide for the daughter and the daughter's issue by creating a trust to endure during the life of the daughter, the principal to be divided upon the latter's death among such issue. If an intention to suspend the vesting of a remainder during the term of a trust estate was ever manifested, such purpose was plainly manifested by this testatrix. We cannot remake the will simply because May Florence happened to die before the death of the testatrix, or because it is now, 15 years after the death of the testatrix, reasonably certain that the plaintiff will not leave issue. No doubt technically, as the appellant contends, the plaintiff is the sole next of kin of the testatrix. But surely the testatrix did not intend to give to her a remainder limited upon her own life. The ulterior bequest then cannot go to those who will technically be "next of kin of the testatrix"; but in providing for that remote contingency the testatrix did not have the particular individuals in mind. Certainly she meant persons who would answer to that description after the death of the daughter, and the expression must be so construed.

With respect to the real estate, the remainder was directed to be conveyed to the granddaughter May Florence, if living, if not, to the issue of the latter; and, if none, to the heirs at law of the testatrix. May Florence having died without issue before the death of the tes-

tatrix, it was certain that upon the death of the latter the ulterior devise to the heirs at law of the testatrix would take effect, and this plaintiff was the sole heir at law. If the testatrix intended the plaintiff in any event to take the remainder, we have a case of a remainder to a person limited upon her own life, and surely that was not intended. The testatrix manifested an intention, as plainly as words could do it, to create a trust during the life of the plaintiff which should be beyond the power of destruction. This is not a case merely of postponing the distribution to let in an intermediate life estate, as was the case of Matter of Embree, 9 App. Div. 602, 41 N. Y. Supp. 737, affirmed on opinion below, 154 N. Y. 778, 49 N. E. 1096, which is chiefly relied upon by the appellant. It is to be noted that in that case the remainder was not limited upon the life of the remaindermen. The sole question is whether the testatrix intended that the remainder should vest upon her death. We think it plain that she did not, and we cannot hold otherwise from the mere fact that the plaintiff is now the sole heir at law of the testatrix.

If there could be any doubt as to the construction of the sixth clause, that doubt vanishes at once upon construing it in connection with the fifth and seventh, for it thus appears that a single purpose dominated the act of the testatrix; i. e., to create a trust of both the real and personal property to endure during the life of the plaintiff, and to suspend vesting of the remainder until the death of the life beneficiary.

While the will speaks from the death of the testatrix, we gather her intention from the situation when the will was made. It is unfortunate that she did not change her will after the death of May Florence; but she may have counted on the birth of other issue of her daughter. Before her death, she was adjudged incompetent, and how long she had been in that condition does not appear. At any rate, it is useless to speculate upon the reasons for not changing the will. Doubtless, if the testatrix had anticipated the situation now existing, she would have made a different will. But we cannot supply that omission.

The Court of Appeals has recently held that a bequest was contingent in a case where the language of the will was, "upon the death of my said son, I give, devise and bequeath the said share to my unmarried daughters in equal shares," because such was deemed to have been the testamentary intention. Robinson v. Martin (decided December 6, 1910) 93 N. E. 488. In this case the testamentary intention appears to us to be too plain to admit of argument.

We think the allowances of counsel fees in this case were excessive. The question is not before us, as that part of the judgment is not appealed from. However, the matter of costs upon this appeal is within our discretion, and, because of the excessiveness of the allowances already made, no costs will be allowed to either party on this appeal.

The judgment is affirmed without costs. All concur.