ANTHONY v. VAN VALKENBURGH et al.

(Supreme Court, Appellate Division, Third Department. December 30, 1912.)

1. WILLS (§ 614*)—CONSTRUCTION—TRUSTS—DURATION.

Under a will devising land to the executors in trust to rent for 19 years from the date of the will, and pay the net income to testator's wife and daughter for the support of them and the survivor "during said 19 years or during the lives of" them and the survivor, the last clause does not create a life estate in the wife or daughter beyond the 19 years, but limits the trust to 19 years, or to the lives of the wife and daughter if they die sooner.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1393–1416; Dec. Dig. § 614.*]

2. PERPETUITIES (§ 4*)—LIMITATION FOR DEFINITE PERIOD.

A trust estate may be limited for an arbitrary period of time, provided its termination at an earlier time is called for in case of the expiration of two lives in being at the creation of the trust.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–44; Dec. Dig. § 4;* Trusts, Cent. Dig. §§ 3, 4.]

3. WILLS (§ 587*)—RESIDUARY CLAUSE—PROPERTY INCLUDED.

A farm devised in trust for 19 years, unless testator's wife and daughter die sooner, the income to be paid to them on expiration of the 19 years, the wife being then alive, falls into the general residuary clause, specifying both real and personal property, all of which is given the wife for life.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1279, 1281–1291; Dec. Dig. § 587.*]

Appeal from Special Term, Rensselaer County.

Action by Amelia V. V. Anthony against Harriet Van Valkenburgh, impleaded with others. From a judgment on a decision of the court without a jury, defendant Van Valkenburgh appeals. Modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Henry D. Merchant, of New York City, for appellant.

Eugene D. Flanigan, of Albany, for respondent Anthony.

William Woollard, of Albany, for respondents Godley.

HOUGHTON, J.   John L. Van Valkenburgh died on the 3d day of May, 1884, leaving a last will and testament dated April 3, 1874, whereby he devised his residence and its furnishings to his wife for life and at her death to his daughter Harriet. He was the owner of a farm of considerable value at which he and his family were accustomed to spend the summers, and by the third clause of his will he devised it to his executors in trust to rent the same for the period of 19 years from the date of his will, and pay the net proceeds to his wife and daughter for the support and maintenance of them and the survivor "during said 19 years or during the lives of my said wife and daughter Harriet and the survivor of them." After these provisions of the will, there follows a general residuary clause specifying both real and personal property, all of which is devised and be-

queathed to his wife during life, and upon her death certain money legacies vesting and payable only when that event transpires are to be paid, and the balance, vesting in like manner, is directed to be divided between his daughter and two sets of grandchildren, share and share alike, per stirpes, with certain restrictions as to events which have not transpired, and which are unimportant in the controversy involved.

The 19-year period expired on the 2d day of April, 1893, and the wife and daughter received the net proceeds of the farm up to that time, and the wife, as conceded on the trial, continued to receive the proceeds until her death, which occurred in November, 1909. Since that time the daughter Harriet has received the proceeds, claiming a right as life tenant under the third clause of the will above quoted so to do. This action is brought to partition the farm by one of the devisees under the residuary clause of the will, and who would be an heir entitled to the same share if the testator had died intestate as to it, which she claims he did on the ground that the trust created was for a definite term of 19 years, and therefore offended against the statute of perpetuities. The appellant claims that the trust created by the testator, notwithstanding the limitation of 19 years, gave the net proceeds of the farm to herself and mother as long as both lived, and after her mother's death to herself as long as she might live.

[1] The trial court held that the daughter Harriet was not given a life estate in the farm, but, neither the wife nor she having died within the 19-year period, the trust was a valid one until it expired of its own limitation, and that on such expiration the testator must be deemed to have died intestate as to that part of his estate, and that it passed to his heirs at law, and that his daughter Harriet having received the avails from it should account therefor to her cotenant from the 2d day of April, 1893. It is from such determination that the daughter Harriet appeals.

We concur in the conclusion of the learned trial court to the effect that the trust was a valid one, and that the trust did not continue for the benefit of Harriet or her mother after the time had expired for which it was limited. For some reason the testator desired the trust which he created with respect to his farm to terminate 19 years from the date of his will. He could not legally create a trust for that specified time, unless he also made its termination dependent upon the ending of two lives in being within such period. Instead of expressly saying that it should terminate at the end of 19 years unless his wife and daughter both should sooner die, he used the expression that it should continue "during said 19 years or during the lives of my said wife and daughter Harriet and the survivor of them." It is quite plain that this last clause does not create a life estate in the wife or daughter beyond the 19 years, but rather that the limitation as to their lives was added for the purpose of saving the trust for the specified period, provided they should live so long, otherwise that it should terminate.

[2] A trust estate may be limited for an arbitrary period of time, provided the termination at an earlier period is called for by the ex-

piration of two lives in being at the creation of the trust. Schermer-horn v. Cotting, 131 N. Y. 48, 29 N. E. 980; McCosker v. Brady, 1 Barb. Ch. 329.

[3] In considering what became of the farm after the termination of the trust the existence of the residuary clause of the will seems to have been overlooked. On the expiration of the trust, the farm did not pass to the heirs at law of the testator, but it dropped into the residuary clause of his will, and, together with his other property, passed to the wife during her lifetime. She was alive, and the residuary clause was in full operation as to her, and continued to be as long as she should live. If no mention had been made in the will of the farm, confessedly it would have become a part of the residue of the testator's estate. The fact that a 19-year trust had been carved out of it did not prevent its passing to the residuary estate when the trust was terminated. A general residuary clause broadly specifying all real and personal property takes and holds all of the property of the testator which is not legally disposed of through other provisions of the will. Langley v. Westchester Trust Co., 180 N. Y. 326, 73 N. E. 44; Morton v. Woodbury, 153 N. Y. 243, 47 N. E. 283. A general residuary clause in a will is created to catch what drops and to pass title to what is not otherwise disposed of, and it is only under the most exceptional circumstances when the contrary intent is manifest that it does not perform its function.

There is nothing in the will under consideration to show that the testator did not intend that his residuary clause should operate to the fullest extent. His greatest solicitude was to provide for his wife and next to make provision for his daughter Harriet, who was of mature age and unmarried at the time of the making of the will, and who had always lived with himself and her mother. Although he possessed considerable personal property, he evidently regarded his farm as of importance. He therefore provided that for a specified time his daughter should share equally with her mother in its net profits, and that, if the mother should die, the daughter should have the whole for such time, notwithstanding the fact that the remainder of his estate might be distributed amongst the objects of his bounty, for he carefully provided that no other legatee or devisee should be entitled to any part of his estate until the death of his wife. If his wife survived the period of the trust, he manifestly intended that she still should continue to receive the proceeds of the farm under the provisions of his residuary clause.

If our construction of the will be correct, it follows that the wife was entitled to the use of the farm as well as the other portions of the estate of the testator during her life, and that it was error to direct the appellant Harriet to account for the rents and profits thereof from the 2d day of April, 1893. Title ripened in herself and the other parties to the action under the residuary clause of the will on the death of the wife of the testator on the 8th day of November, 1909, and she has occupied the farm to the exclusion of her co-owners since that time, and is accountable for the rents from that time, unless she has legally accounted therefor in Surrogate's Court. The parties are all of full age, and all take the same proportional share of the per-

sonal property on distribution of the estate as they take of the real property, and an accounting was had in which all parties were represented by counsel in the Surrogate's Court of Rensselaer county, which accounting ripened into a decree on the 20th day of December, 1911, and which decree was subsequently amended by an order dated the 2d day of February, 1912. There appears to have been some attempt to surcharge the account of appellant Harriet as surviving executrix and trustee for waste to the farm, which under our conclusion would be chargeable against the wife of the testator as life tenant, and not against the executrix of the estate. This surcharge was later withdrawn, and it is impossible from the record, which does not contain the accounts in full, to say whether the rents and profits of the farm from the 8th day of November, 1909, were included in the accounting. While it was improper to include such rents on such accounting, if they were in fact included, there is no occasion for a reference concerning them, and we do not understand the parties have a disposition to attempt to compel them to be twice paid.

In view of the uncertainty appearing in the record, we think the better course is to permit the reference to ascertain the rents and profits from the 8th day of November, 1909, to stand, and, if such rents have been included in the accounting before the surrogate, application can be made for modification of the decree in that respect.

The judgment should be modified by directing an accounting of rents and profits of the farm from the 8th day of November, 1909, instead of from the 2d day of April, 1893, and as so modified affirmed, with one bill of costs to appellant and one bill of costs to the two respondents jointly, each bill payable out of the fund. All concur.