(86 Misc. Rep. 154)

### In re JONES et al.

(Surrogate's Court, New York County. June 11, 1914.)

1. WILLS (§ 587*)—CONSTRUCTION—DESIGNATION OF DEVISEES AND LEGATEES AND THEIR RESPECTIVE SHARES.

Testator in the fifth paragraph of his will gave his wife the privilege of occupancy of certain premises during her life, which could be terminated by her when she should elect, and upon her death, or sooner termination, directed his executors to sell the premises, "and the proceeds thereof shall form part of my residuary estate hereinafter disposed of." The residuary clause directed all the remainder of his estate to be divided into three parts, two of which should be equal in amount, and each to be $100,000 larger than the third part, the third part to go to his wife, and the two equal parts to his two children. *Held*, that the proceeds of the sale of the premises by the executors after the death of the wife fell within the operation of the residuary clause, there being nothing in such paragraph indicating that they should be excluded therefrom; the term "residuary estate" as used therein not being used merely to identify the persons entitled.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1279, 1281–1291; Dec. Dig. § 587.*]

2. WILLS (§ 587*)—CONSTRUCTION—RESIDUARY CLAUSE.

A residuary clause disposes of the whole estate, except such portions as are otherwise clearly and unambiguously bequeathed or devised in the remaining parts of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1279, 1281–1291; Dec. Dig. § 587.*]

3. WILLS (§ 587*)—CONSTRUCTION—RESIDUARY CLAUSE.

It is a rule of construction that, if the language of a residuary clause is ambiguous, construction should lean in favor of a broad rather than a restricted construction, so as to prevent intestacy; and such rule, being one of property, should in a proper case be given a liberal rather than a restricted interpretation.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1279, 1281–1291; Dec. Dig. § 587.*]

4. WILLS (§ 587*)—CONSTRUCTION—DESIGNATION OF DEVISEES AND LEGATEES.

Testator created a trust fund of $100,000 for the benefit of his wife during life, and bequeathed the remainder to a hospital, provided that, if there should be an indebtedness from the hospital to his estate at the death of his wife, it should be deducted from the legacy. There was such an indebtedness of $31.000. *Held*, that the amount of such indebtedness, not being specifically disposed of, fell within the residuary clause of testator's will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1279, 1281–1291; Dec. Dig. § 587.*]

Stetson, Jennings & Russell, of New York City, for executors.

Peter B. Olney, of New York City, for executors and residuary legatees of Martha W. Wardwell.

George Welwood Murray, of New York City (George Anderson Gordon, of New York City, of counsel), for Clara Wardwell Jones.

FOWLER, S. This matter comes on on the settlement of the decree on the accounting. Two questions are presented concerning the disposition of two funds, one of $68,137.97, being the net proceeds of the house and lot known as No. 21 West Fifty-Eighth street, borough of Manhattan, city of New York, sold by the executors pursuant to a direction contained in the will of the late Mr. William T. Wardwell, and the other, of $31,453.55, being the amount of the indebtedness of $31,453.35 from the New York Red Cross Hospital, referred to in the seventh paragraph of the testator's will:

Are these funds to be divided in equal parts between Clara W. Jones and Allen Wardwell, the children of testator's first marriage, or divided in equal third parts so as to let in the widow's representatives? The testator left surviving two children and a widow, since deceased. The executors of the widow amicably claim that they, under the will of testator, are entitled to receive one-third of both funds. In behalf of the daughter of testator it is submitted that the residuary clause does not dispose of the said proceeds. The son submits his rights to the court on the will. There is no acrimony on the part of any one, as it is a mere question of the true construction of the will of testator.

The premises No. 21 West Fifty-Eighth street are mentioned in paragraph 5 of such will as follows:

"Fifth. It is my will and I so direct that my wife, Martha W. Wardwell, shall have the privilege of occupying and enjoying my house, No. 21 West Fifty-Eighth street, and the contents thereof, excepting only money and securities, so long as she shall elect so to do, she paying the insurance, taxes, water rates and the cost of necessary repairs and the necessary household expenses. This occupancy and enjoyment may be terminated by my wife when she shall elect. Upon her death or sooner, termination of occupancy of said premises at her election, I direct that my executors shall sell the said house and the proceeds thereof shall form part of my residuary estate hereinafter disposed of.

"Upon my wife ceasing to occupy my house, it is my hope and expectation that my said wife, if she be surviving, and my two children may amicably agree upon a division of the pictures, furniture and other contents thereof in shares of equal value. In the event that my wife does not survive the occupancy of my said house, I direct that the said pictures, furniture and other contents be divided equally between my children as above, to whom in that event I give and bequeath the same, and for the purposes of such amicable division I authorize the executors of any deceased child to act for such deceased child. Failing such amicable division, the said pictures, furniture and other contents shall be sold by my executors and the proceeds shall form a part of my residuary estate hereinafter disposed of."

It is conceded that the widow occupied No. 21 West Fifty-Eighth street as her town house until her death.

The indebtedness of the hospital is provided for in paragraph 7 of the will as follows:

148 N.Y.S.—23

"Seventh. I give, devise and bequeath to my two executors, Allen Wardwell and Frank H. Jones, as trustees, the sum of one hundred thousand ($100,000) dollars in trust nevertheless to hold and to invest and reinvest and manage the same during the natural life of my wife, Martha W. Wardwell, and to pay over the net income thereof to her during her natural life, and upon her death to pay over the principal sum, to wit, one hundred thousand dollars, to the New York Red Cross Hospital, a hospital corporation of the state of New York, which said sum of one hundred thousand dollars I hereby give, devise and bequeath to the said New York Red Cross Hospital, provided, however, and upon condition that the said New York Red Cross Hospital at the time of my said wife's death or at the time of my death if she shall not survive me, shall be continuing substantially the method of treatment now practiced in said institution in respect of the non-use of alcohol as a medicinal agent, avoiding even tinctures where equally desirable action can be obtained from fluid extracts or alkaloids, and reducing to a minimum the use of other narcotic or potent drugs which might induce habit or produce injurious after effects. In the event that there shall be at the time of my said wife's death or at the time of my death if she does not survive me any indebtedness by the said hospital to me or my estate for money loaned or advanced or otherwise, I direct that the amount of said indebtedness with any interest accrued thereon be first deducted from the said one hundred thousand dollars.

"The determination of the question whether or not the said hospital has fulfilled the condition of this gift shall in the first instance rest with my said trustees or their survivor or successors, but if they or either of them shall be of opinion that the said hospital has not complied with the above condition, then the matter shall be referred by them within three months after the death of my said wife or after my death, if she does not survive me, to the arbitration of three persons; one to be named by the directors of said hospital, one to be named by the one of those of my said trustees or their survivor or successors whose opinion is adverse to the gift, and one to be selected by the two arbitrators so named as above, who shall investigate the matter in any manner which to them shall seem meet and determine whether or not said hospital is entitled to receive said gift under this provision, and their determination shall be in all respects final and conclusive.

"In the event that any proceeding is taken by said hospital to secure the said gift other than by the action of my executors or by the decision of said arbitrators as above provided, I hereby, in that event, annul the legacy or gift and direct that no part thereof be given to the said hospital, in which event, or in the event that it be determined as above that said hospital has not complied with the conditions of this gift, then I direct that the said one hundred thousand dollars be distributed and paid over as a part of my residuary estate to my son and to my daughter in equal shares or to their lawful issue, per stirpes and not per capita."

The amount of the indebtedness of the hospital at the time appointed was $31,453.55.

The residuary disposition is contained in the eighth clause of the will as follows:

"Eighth. In view of the provisions made for my wife, Martha W. Wardwell, in the fifth and seventh clauses of this, my will, I hereby direct that all the rest, residue and remainder of my estate, real and personal, and wheresoever situate and including all property over which I may have appointment by will, shall be divided into three parts, two of which parts shall be equal in amount and each of one hundred thousand ($100,000) dollars larger than the third part, and I hereby give, devise and bequeath to my said wife, Martha W. Wardwell, the said third part, and to my daughter, Clara W. Jones, one of the remaining two equal parts, and to my son, Allen Wardwell, the other of the two equal parts, absolutely and forever. .

"In the event that my said wife shall not survive me, I give, devise and bequeath all of my said residuary estate in equal shares to my said two children, Clara W. Jones and Allen Wardwell, and it is my will that the lawful

issue of any deceased child of mine shall take the part or share the parent would have taken, if living, per stirpes and not per capita."

[1-3] The learned counsel for the daughter argues that the reference in paragraph 5 to the residuary estate is not made in order to include the interest in the house remaining after the tenancy of the wife ceases, but merely for the purpose of determining the identity of the beneficiaries or legatees, and that therefore, as the wife did not "survive the occupancy of the house," the two children of testator take the proceeds. It is also argued in behalf of the children that the intention of the testator was to include in the wife's share of the residuary only that part which happened to be divided in her lifetime, and in consequence that her legal representatives cannot participate in the disposition of the proceeds of the house or in the disposition of the indebtedness from the hospital.

It will be observed that neither the future interest in the house nor the proceeds of the indebtedness are expressly disposed of, if not by the residuary clause. Therefore the real question here is: Does the residuary clause in paragraph 8 dispose of them or must such residuary clause be construed to have a limited operation only? It is well settled that a residuary clause disposes of the whole estate, except such portions as are otherwise clearly and unambiguously bequeathed or devised in the remaining parts of the testament. In the Matter of Miner the court said (146 N. Y. 121, at page 131, 40 N. E. 788, at page 790):

"Unless a residuary bequest is circumscribed by clear expressions, and the title of a residuary legatee is narrowed by words of unmistakable import, it will be construed to perform the office that it was intended for, viz., the disposition of all the testator's estate which remains after effectuating the previous provisions in the will, or which may be added to by lapses, invalid dispositions, or other accident. Riker v. Cornwell, 113 N. Y. 115 [20 N. E. 602]. The rule of construction requires of the court, in dealing with the language of a residuary gift which is ambiguous, that it should lean in favor of a broad rather than of a restricted construction; for thereby 'intestacy is prevented, which, it is reasonable to suppose, testators do not contemplate.' Lamb v. Lamb, 131 N. Y. 227 [30 N. E. 133]. In performing the office of construction, and in order that an apparent intention of the testator shall not be rendered abortive by his inapt use of language, the court may reject words and limitations, supply them, or transpose them, to get at the correct meaning. Phillips v. Davies, 92 N. Y. 199."

The principle was recognized by Mr. Justice McLaughlin in Mills v. Tompkins, 110 App. Div. 212, at page 214, 97 N. Y. Supp. 9, at page 11:

"The doctrine seems to be established that where the residuary bequest is not circumscribed by clear expressions in the instrument, and the title of the residuary legatee is not narrowed by special words of unmistakable import, the residuary legatee will take whatever may fall into the residue. Morton v. Woodbury, 153 N. Y. 253 [47 N. E. 283]."

The rule of construction just referred to, like all similar rules, is one of property, and should in a proper case be given a liberal rather than a restricted interpretation. Lamb v. Lamb, 131 N. Y. 227, 238, 30 N. E. 133.

The interest remaining after the life interest in the premises No. 21 West Fifty-Eighth street, as well as the proceeds of the indebtedness, in my opinion pass under the residuary clause. Anthony v. Van Valkenburgh, 154 App. Div. 380, 139 N. Y. Supp. 599. No express language to that effect is necessary, as by legal inference the residuary, unless restricted, includes all property not specifically bequeathed or devised.

Does the language of the whole will of the testator exclude either the interest in the house remaining after the expiration of the wife's life estate or the proceeds of the indebtedness mentioned in paragraph seventh from the ordinary operation of the residuary clause? This is the remaining question for consideration. The mere circumstance that the wife becomes interested in both the life interest and the remainder in the same property does not per se modify the operation of the residuary clause. Anthony v. Van Valkenburgh, supra; Meeks v. Meeks, 161 N. Y. 66, 55 N. E. 278; Matter of Hammond, 74 App. Div. 547, 77 N. Y. Supp. 783.

The proceeds of the house are expressly declared a part of the residuary estate, and the language contained in paragraph 5 of the will does not indicate that the testator intended to use the term "residuary estate" with reference to any other than its ordinary legal significance. The testator made no distinction in regard to the distribution of the proceeds of the house, whether in the lifetime of his widow or after her decease. Clearly, if it be conceded that Mrs. Wardwell would share in the proceeds in the former instance, because alive at the time of the distribution, she should, under the language of paragraph 5 of the will, be held entitled in every instance. In effect it is as if the house and lot were devised to the widow and the children as tenants in common, subject to Mrs. Wardwell's right of occupancy, which might in quantum be a life estate.

It is contended by counsel for the children that the term "residuary estate" in paragraph 5 is used only to identify the persons entitled, and paragraph 5 must be construed as if it were giving specific or general legacies to those persons mentioned in the residuary estate. This argument is predicated of the language contained in the second clause of paragraph 5. It is urged that because, in the event of a failure to reach an amicable division of the furniture and contents of the house, the same are directed to be sold and to become part of the residuary estate, that the latter term is used to identify the wife and children, should the wife be alive, and the children alone, if the wife be dead, and then it is deduced that the term "residuary estate" in the first clause of paragraph 5 is used in the same sense. I believe such a construction is unwarranted by the language in the will, and that the inference desired is too hypothetical to justify a restrictive limitation of the ordinary operation of the residuary clause of the will. Without any mention at all of the remainder interest in the realty, it becomes a part of the residuary, and clearly nothing in paragraph 5 indicates that it should be excluded from the residuary estate.

[4] Likewise in paragraph 7 of the will I find nothing which takes the indebtedness of the hospital out of the operation of the residuary clause. The testator created a trust fund in the sum of $100,000 for the benefit of his wife during her life. The remainder he bequeathed to the New York Red Cross Hospital, provided that, if there should be owing any indebtedness to his estate by the legatee at the time of his wife's death, such indebtedness should first be deducted from the legacy. The testator also provided, in the event of the lapse of the legacy in favor of the hospital, the testator's children should take. Whether the children take, or whether the hospital take, the indebtedness is a part of the residuary estate, because undisposed of elsewhere. The only difference that arises under the will is that, if the hospital shall take, it is on condition that it concurrently pay whatever indebtedness it owes to testator's estate. Whether or not the hospital take, the residuary estate could collect the indebtedness. The concluding language of paragraph 7 is not a disposition of, and does not affect, the indebtedness, which, as above stated, is a part of the residuary. The express exclusion of the wife's participation in the principal of the $100,000 trust fund cannot be taken to be a manifestation of testator's intention to exclude her from the proceeds of the indebtedness.

In short, I find nothing in the will sufficient to limit the ordinary operation of the residuary gifts. A precedent somewhat analogous on the facts, is Matter of Hammond, supra, as is the case of Anthony v. Van Valkenburgh, 154 App. Div. 380, at page 383, 139 N. Y. Supp. 599, at page 601, where the court, speaking of the remainder interest in a farm, said:

"The fact that a 19-year trust had been carved out of it did not prevent its passing to the residuary estate when the trust was terminated. A general residuary clause, broadly specifying all real and personal property, takes and holds all of the property of the testator which is not legally disposed of through other provisions of the will. Langley v. Westchester Trust Co., 180 N. Y. 326 [73 N. E. 44]; Morton v. Woodbury, 153 N. Y. 243 [47 N. E. 283]. A general residuary clause in a will is created to catch what drops and to pass title to what is not otherwise disposed of, and it is only under the most exceptional circumstances, when the contrary intent is manifest, that it does not perform its function."

The legal representatives of the widow are entitled to a one-third part of both funds. Settle decree accordingly.