Frank L. Polk, Corp. Counsel, of New York City (Joel J. Squier and John J. Kearney, both of New York City, of counsel), for the motion.

Lawrence E. French, of New York City, opposed.

---

In re SINNOTT'S WILL.   (No. 5856.)

(Supreme Court, Appellate Division, First Department. July 10, 1914.)

1. WILLS (§ 194*)—REVOCATION OF DEVISE—DISPOSITION OF PROPERTY DEVISED.

   A devise of a house and lot to the executors in trust for a son of the testatrix during the life of his wife and after her death to the son in fee was revoked by the sale of the house and lot by the testatrix subsequent to the date of the will, and the proceeds of the sale did not pass to the trustees in place of the house and lot.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 481–489; Dec. Dig. § 194.*]

2. WILLS (§ 858*)—CONSTRUCTION—RESIDUARY CLAUSE—PROPERTY PASSING.

   Where a testatrix devised a house and lot to the executors in trust for her son E. during the life of his wife and to the son in fee after her death, and gave the rest, residue, and remainder of the estate to another son, and subsequently disposed of the house and lot, the proceeds of the sale passed under the residuary clause and did not pass as intestate prop-

erty, notwithstanding the seeming injustice to E.; there being nothing to indicate that the testatrix did not intend this result.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2173–2183; Dec. Dig. § 858.*]

Scott, J., dissenting.

Appeal from Decree of Surrogate, New York County.

Proceeding to prove the will of Mary A. Sinnott, deceased. From a decree construing the will (82 Misc. Rep. 219, 143 N. Y. Supp. 546), the proponent and contestant appeal. Modified.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Clarence E. Sutherland, of New York City, for Edward H. Sinnott. John F. Clarke, of Brooklyn, for John J. Sinnott. Frederick O'Byrne, of New York City, guardian ad litem for Edward A. Sinnott, an infant.

INGRAHAM, P. J. The testatrix died on the 10th of February, 1913, about 72 years of age, leaving two sons, John J. and Edward H., her only next of kin and heirs at law, and leaving a last will and testament executed September 6, 1905, which has been duly admitted to probate. In the proceedings to admit the will to probate the surrogate was asked to construe the will and to determine to whom the testatrix's property passed, and it is from a decree construing the will that both of the sons appeal.

By the will the testatrix, after a few small legacies, gave to her executors the real property known as No. 508 West Thirty-Seventh street, in trust, to receive the rents, income, and profits thereof and to pay the same to her son Edward H. Sinnott during the life of his wife, and on her death, if he be living, to the said son in fee; if not living, to his children; and "all the rest, residue and remainder of my property and estate, both real and personal, and wherever situated," she devised and bequeathed to her son Dr. John J. Sinnott, with a devise and bequest over, in case her son John should die during her life, to his issue. Her son John and Peter McGinn she appointed executors, with a power of sale of the premises 508 West Thirty-Seventh street, the property left to the executors in trust.

[1] The surrogate found that the testatrix on March 14, 1907, after the execution of the will, sold this house and lot for $15,750, received $5,250 in cash and a purchase money mortgage for $10,500, which mortgage was a part of her estate at the time of her death. There is no finding or evidence in the record as to the property left by the testatrix except as to this mortgage. The surrogate found, however, that it was the intention of the testatrix at the time of the execution of the will to divide her estate equally between her two sons. The learned surrogate held that the sale of the house 508 West Thirty-Seventh street was a revocation of the devise of that property to his executors in trust, nor did the mortgage on the property take the place of the house and pass to the trustees. With these conclusions of the surrogate we concur and adopt his opinion as the reasons for our decision.

[2] The learned surrogate, however, held that the residuary clause

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the will, giving "all the rest, residue and remainder of my property and estate both real and personal and wheresoever situated," to her son John J. Sinnott, did not intend to create a true residuary gift, but did intend to create a specific legacy or devise, and that the bond and mortgage for $10,500 did not pass to her son John under the residuary clause of the will, but that as to that bond and mortgage she died intestate. In this I cannot concur. The testator had left to her son Edward a house and lot, and in the most comprehensive terms left all her other property to her son John. During her life she sold and conveyed the house and lot and received the consideration therefor, and that sale revoked the devise of the house and lot, so that the executors took nothing by that devise. She had at her death a part of the money that she had received for the conveyance of the house and lot, but whether such money was interest in a mortgage on the property or was in the bank can make no difference. It was personal property of the testatrix. It was not the house and lot that she had devised to her executors in trust but which devise she had revoked, but was property other than the devise of the house and lot and which was included in the terms of the residuary clause. This, I think, follows from the rule established by the Court of Appeals in many cases. As Judge Gray, delivering the opinion of the court in Riker v. Cornwell, 113 N. Y. 115, 20 N. E. 602, says:

"Where the residuary bequest is not circumscribed by clear expressions in the instrument and the title of the residuary legatee is not narrowed by special words of unmistakable import, he will take whatever may fall into the residue, whether by lapse, invalid dispositions, or other accident."

See, also, Morton v. Woodbury, 153 N. Y. 244, 47 N. E. 283; Anthony v. Valkenburgh, 154 App. Div. 380, 139 N. Y. Supp. 599.

I do not think we are justified, to avoid what may seem an injustice to one son of the testator, in refusing to apply settled legal rules or in making a new will for the testatrix. In this case there is nothing to show that the testatrix did not intend to do just what was the legal effect of the sale of the house and lot which she had devised for the benefit of her son Edward. It is not to be assumed that she was not advised as to the effect of the sale of this house and lot on the testamentary disposition of her property. After she had executed the will she sold the house and, so far as appears, spent part of the proceeds. After the sale of the house, she could not have supposed that the house would go to her son Edward on her death, and as she spent part of the proceeds, she could not have supposed that the proceeds would go to him; and it certainly cannot be assumed that she intended to die intestate. What she did was to give to her son John all the rest, residue, and remainder of her property and estate both real and personal and wherever situated, and that included the bond and mortgage in question as well as her other personal property.

The decree of the surrogate must therefore be modified in accordance with this view, with costs to all parties who have appeared payable out of the estate.

LAUGHLIN, CLARKE, and DOWLING, JJ., concur. SCOTT, J., dissents and votes for affirmance on opinion of Fowler, S., 82 Misc. Rep. 219, 143 N. Y. Supp. 546.