CHARLES H. BENEDICT, as Committee of the Person and Property of SIDNEY J. LEVI, an Incompetent Person, Respondent, *v.* EDNA STERN SALMON and FANNIE L. STERN, Appellants, Impleaded with ALBERT J. LEVI, Respondent.

STELLA LEVI and Others, Defendants.

Third Department, March 9, 1917.

Will — trust — unlawful suspension of absolute power of alienation — invalid devise of remainder — property passing under residuary clause.

Where a testator leaves a house and lot in trust for the use of any of his daughters who shall remain unmarried or who may be or who may become widows, and provides that upon the death of his last surviving

daughter such trust shall cease and determine, and then gives and devises said house and lot unto the children of daughters who shall be living at that time, with the exception of a son of one daughter, and at his death eight daughters and a number of children of daughters survive, and other children may be borne, the trust is void, as it suspends the absolute power of alienation for a longer period than during two lives in being, in violation of section 42 of the Real Property Law.

The devise of the remainder to the children of the daughters cannot be made operative because the time and the persons who are to take said remainder are uncertain and must, under the provision of the will, await the death of the last surviving daughter.

The trust and the devise of the remainder being invalid, the house and lot were not disposed of and pass under the residuary clause, which disposes of "all the rest, residue and remainder of my estate, * * * not hereinbefore disposed of * * *."

There is now no distinction between invalid devises and invalid bequests, as respects the operation upon them of a general residuary clause.

APPEAL by the defendants, Edna Stern Salmon and another, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of Schenectady on the 28th day of October, 1916, upon the decision of the court after a trial before the court without a jury.

*Del B. Salmon,* for the appellants.

*John D. Miller,* for the respondent Benedict.

*Lewis E. Carr,* for the respondent Levi.

Judgment unanimously affirmed, with costs, on the opinion of VAN KIRK, J., at Trial Term.

The following is the opinion delivered at Trial Term:

VAN KIRK, J.:

Jonathan Levi died in the city of Schenectady April 6, 1905, leaving a last will and testament and codicil. This is an action for the construction of the clause in the will as follows:

"For the purpose of continuing and providing a home after the decease of my said wife for the use and occupation of any of my daughters who may remain unmarried or who may be or may become widows, I do give and devise the house in which I now reside and the lot on which the same stands

and known as 428 State Street, Schenectady, N. Y., unto my executors hereinafter named, or the survivors of them, in trust, however, for the following uses, purposes and trusts, to keep and to hold the same as a home for the use, enjoyment and occupation of any of my daughters who shall remain unmarried or who may be or who may become widows, and to be used for the actual occupation of such daughters and for no other purpose, without any rent or charges against the daughter or daughters for such use or occupation, excepting that the daughter or daughters so occupying such property shall pay all taxes, assessments, water rates and insurance and keep the same in proper repair and condition.

" Upon the death of my last surviving daughter such trust herein lastly created shall cease and determine, and I do then give and devise said house and lot unto the children of my daughters who shall be living at that time, excepting, however, Howard Stern, the son of my daughter Fannie L. Stern, whom I hereby will and direct shall receive and take no share in the aforesaid property." ·

There is no dispute as to the facts. Eight daughters and a number of children of daughters survived the testator. Other children may be born.

The trust in said clause is void. There are no persons in being by whom an absolute fee in possession can be conveyed, and the future estate suspends the absolute power of alienation for a longer period than during two lives in being. (Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 42; *Schettler* v. *Smith*, 41 N. Y. 328.) The property referred to in said clause is the residence of the testator in Schenectady and will be spoken of hereafter as the residence. The question presented to the court is to determine who takes the residence. It is claimed (1) by the remaindermen — the children of daughters; (2) by the residuary legatees; (3) by the heirs at law.

It is claimed that, though the trust is void, the following devise to the children of the daughters need not fail; that it can be severed from the trust provision and be upheld. There are cases where courts have declared a trust void and yet have upheld the devise or bequest to the remaindermen. In each of

the cases to which my attention is called, when such holding is had, there was a person in being at the time of the testator's death who took the remainder. In *Matter of Berry* (154 App. Div. 509; affd. without opinion, 209 N. Y. 540) the court upheld the bequest of the remainder though the trust was void, the court saying: " The enjoyment of this gift by the hospital is definitely fixed, *i. e.*, the expiration of five years, and the person to whom it was given was in being, definitely ascertained and competent to take at the time of the death of the testator. There is nothing uncertain about it. It was a vested remainder. A future estate is vested when there is a person in being who would have an immediate right to the possession of the property on the determination of all the intermediate or precedent estates." Here, however, the time of enjoyment is not fixed; it must await the death of the last surviving daughter. The persons to whom it was given are not ascertained; they are " the children of my daughters who shall be living at that time " (at the death " of my last surviving daughter "). This leaves the time and the persons who were to take the remainder uncertain. (*Matter of Brown,* 154 N. Y. 322; *Brinkerhoff* v. *Seabury,* 137 App. Div. 916; affd., *sub nom. Brinkerhoff* v. *Green,* 201 N. Y. 559.) The law favors the vesting of estates at the death of the testator, and where consistent with the testator's intention the courts will so construe the will; but this cannot be done where there is a contingent remainder and uncertainty as to the person entitled to take. (*Fargo* v. *Squiers,* 154 N. Y. 260.) In this case the remainder is contingent and could not vest in the devisees until the death of the last surviving daughter. (*McGillis* v. *McGillis,* 154 N. Y. 532.) This devise cannot be carried into effect by accelerating it, because there is no gift operative upon the death of the testator and no vesting at the time in the persons who would take the remainder. By accelerating the devise we cannot carry out the intention of the testator which was plain. The court cannot make a new will and give the property to those children of his daughters now living. The testator did not so provide or intend. The void trust and the devise are so linked that the devise cannot be made operative if the intention of the testator is to be given

force. It was not his intention to devise his residence to the children of his daughters living at the time of his death, and to so construe the will would be to make a new will. It may be true that, if Jonathan Levi had known this trust provision was void he would have made some different disposition of his residence than to allow it to go into his residuary estate, or to his heirs at law. But this he has not done, and the court is not at liberty to do so for him.

Does the residence then go to the heirs at law or under the residuary clause? The residuary clause of the will is as follows:

"*Sixth.* All the rest, residue and remainder of my estate, both real and personal, of every name, kind and description, and wheresoever situated, and not hereinbefore disposed of, I give, devise and bequeath unto my said two sons, Albert J. Levi and Sidney J. Levi, share and share alike."

Reference is made by those who claim the residence passes to the heirs at law to the words, "not hereinbefore disposed of." These words add nothing to the meaning of the clause. The residue of the estate is that part of the estate not before legally disposed of. The trust clause being void, and the devise following it falling with the trust estate, the property sought to be disposed of is not disposed of, and it comes within the exact terms of the residuary clause. (*Riker* v. *Cornwell,* 113 N. Y. 115; *Anthony* v. *Van Valkenburgh,* 154 App. Div. 380; *Langley* v. *Westchester Trust Co.,* 180 N. Y. 330, 331.) "When it is possible to cut out the invalid provisions, so as to leave intact the parts that are valid, and to preserve the general plan of the testator, such a construction will be adopted as will prevent intestacy, either partial or total, as the case may be." (*Kalish* v. *Kalish,* 166 N. Y. 368.)

I have given full consideration to the argument that the testator intended to give his two sons a "specific residue," and I am unable to so conclude. The residuary clause is broad. "All the rest, residue and remainder of my estate, both real and personal, of every name, kind and description and wheresoever situated," is the expression, and it could hardly be made more comprehensive. It indicates plainly that he did not

intend to die intestate as to any part of his property. The residence becomes a part of the residuary estate. (*Matter of Allen,* 151 N. Y. 243; *Cruikshank* v. *Home for the Friendless,* 113 id. 337; *Matter of Miner,* 146 id. 121; *Langley* v. *Westchester Trust Co., supra.*)

There is now no distinction between invalid devises and invalid bequests, "as it respects the operation upon them of a general residuary clause." (*Cruikshank* v. *Home for the Friendless, supra.*)

A decision accordingly may be presented.